IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PROGRESSIVE MOUNTAIN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER BUTLER, KAMERON REDD, LESLEY ZEPEDA, SEBASTIAN MEDINA, AND UNITED TELECOM SYSTEMS, LLC,<br><br>Defendants. | Civil Action File No. :<br>_____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Progressive Mountain Insurance Company ("Progressive"), by and through its undersigned attorneys, complaining of the Defendants herein, seeks a declaratory judgment from this Honorable Court as set forth below.

1. This Complaint stems from an August 3, 2022 motor vehicle accident that occurred on Interstate 285 south in DeKalb County, Georgia (hereinafter "the Accident").

## PARTIES AND JURISDICTION

2. Plaintiff Progressive is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Ohio.

{01046553-}                               -1-

3. At the time of the Accident, Defendant United Telecom Systems, LLC ("United Telecom") was a company organized and existing under the laws of the state of Georgia with its principal place of business in Georgia.

4. United Telecom may be served via its Registered Agent, Savatore Iovino, at 1445 Londonderry Drive, Woodstock Georgia 30188.

5. Defendant Sebastian Medina is an individual and is a resident and citizen of Gwinnett County, Georgia.

6. Defendant Sebastian Medina may be served at 1703 Park Lake Lane, Peachtree Corners, Georgia 30092.

7. Defendant Lesley Zepeda is an individual and is a resident and citizen of Gwinnett County, Georgia.

8. Defendant Lesley Zepeda may be served at 1703 Park Lake Lane, Peachtree Corners, Georgia 30092.

9. Defendant Jennifer Butler is an individual and is a resident and citizen of DeKalb County, Georgia 30083.

10. Defendant Jennifer Butler may be served at 5400 Memorial Drive Apt 20E, Stone Mountain Georgia 30083.

11. Defendant Kameron Redd is an individual and is a resident and citizen of DeKalb County, Georgia.

{01046553-}                                                  2

12. Defendant Kameron Redd may be served at 5400 Memorial Drive Apt 20E, Stone Mountain Georgia.

13. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rules of Civil Procedure, Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

14. This action is currently ripe for adjudication and involves a question of actual controversy between the parties.

15. This Court has subject matter jurisdiction pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. § 2201 and , 28 U.S.C. § 1332, because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims for coverage under the insurance policy issued by Progressive to United Telecom occurred within this District.

## FACTUAL BACKGROUND

*I.    History of The Dodge*

17. This accident involves a 2017 Nissan Rogue at all times relevant to this action owned by Lesley Zepeda.

18. At the time of the accident Defendant Sebastian Medina was driving the 2017 Nissan Rogue.

19. At no time prior to this accident did United Telecom have custody, control, and/or possession of the 2017 Nissan Rogue.

## II. United Telecom's Policy With Progressive

20. On or about August 24, 2021, United Telecom applied for insurance coverage with Progressive. A true and correct copy of United Telecom's application for insurance coverage with Progressive is attached hereto as **Exhibit A.**

21. United Telecom is the named insured on the application for insurance coverage with Progressive. See **Exhibit A.**

22. In United Telecom's application for insurance coverage with Progressive, United Telecom listed ten (10) vehicles, to wit, the following vehicles, a:

- 2020 Chevrolet Silverado, (VIN: 1GC4YNEY1LF160265)
- 2021 RAM 2500, (VIN: 3C6UR5DLOMG529918);
- 2021 RAM 2500; VIN: 2C6UR5DL9MG52990);
- 2021 RAM 2500; VIN: 23C6UR5DL9MG582178);

- 2021 Ford F150, (VIN: 1FTFW1E17MFC72455);

- 2021 Ford 150, (VIN: 1FTFW1E12MFC73461);

- 2021 Ram 2500, (VIN: 3C6UR5DL2MG656198);

- 2021 RAM 1500, (VIN: 1C6SRFU99MN830227);

- 2022 Chevrolet Silverado, (VIN: 1GC1YNEY1NF268567);

- 2022 Chevrolet Silverado, (VIN: 1GC1YNEY4NF267395);

See **Exhibit A.**

23. In United Telecom's application for insurance coverage with Progressive, United Telecom listed only five (5) trailers, to wit, the following trailers, a:

- 2022 Carry On Commander Trailer, (VIN: 4YMBC160MG023352);

- 2021 Big Tex Trailer, (VIN: 16VW2221M2093140);

- 2020 Foret River Trailer; (VIN: 5NHUVH626MY038914);

- 2022 WOW Trailer, (VIN: 7FRVC16D8NA001184);

- 2022 Big Tex Trailer, (VIN: 16V3F3824N6186749).

See **Exhibit A.**

24. In United Telecom's application for insurance coverage with Progressive, United Telecom listed sixteen (16) drivers, to wit, Salvatore Iovino, Pravin Ratnam, Daniel Bilbrey,

{01046553-}                                               5

Tyler Lawrence, William Brandenburg, Richard Iovino, Kenneth Dart, Sergey Loshkarev, Clifford Wilcox, Christopher Gordon, Christopher Fagan, Brian Fagan, Moises Romero, Reginald Casseus, Bryan Cordova, and Khalil Trowell. See **Exhibit A.**

25. In United Telecom's application for insurance coverage with Progressive, United Telecom declared that no persons other than those listed in the application are expected to operate, even occasionally, the vehicle described in the application. See **Exhibit A.**

26. In United Telecom's application for insurance coverage with Progressive, United Telecom answered, "Yes" to the question, "Does this quote include all vehicles owned and operated in your business?" See **Exhibit A.**

27. On or about August 24, 2021, Progressive issued a policy of insurance to United Telecom, Policy Number 951796895 ("United Telecom Policy"). A certified copy of the United Telecom Policy is attached hereto as **Exhibit B.**

### IV. The August 3, 2022 Accident

28. On or about August 3, 2022, Defendant Sebastian Media was operating the 2017 Nissan Rogue on southbound I-285 in DeKalb County when he was involved in a motor vehicle accident with Defendants Jennifer Butler and Cameron Reed. .

29. Defendant Sebastian Medina may have been on his way to a job site as a part of his employment with United Telecom.

30. Defendant Lesley Zepeda owned the 2017 Nissan Rogue at all times relevant to the Accident.

31. As of result of the Accident, Defendants Jennfier Butler and Lesley Zepeda have made claims against Progressive and Defendants Sebastian Medina, United Telecom, and Lesley Zepeda. .

## THE UNDERLYING LITIGATION

32. As of result of the Accident, a Complaint has been filed in the State Court of Gwinnett County, Case No. 23-C-00510-S3, entitled Jennifer Butler and Kameron Redd v. Lesley Zepeda, Sebastian Medina, and United Telecom Systems, LLC., wherein Jennfier Butler and Kameron Redd seek damages for bodily injuries to Jennifer Butler and Kameron Redd ("the Underlying Litigation"). A copy of the Complaint is attached hereto as **Exhibit "C"** and incorporated by reference herein.

33. The Complaint asserts that Sebastian Medina negligently operated a 2017 Nissan Rogue while in his scope of employment with United Telecom.

34. In response thereto, the Complaint sets forth a negligence claim against Sebastian Medina and a vicarious liability claim against United Telecom.

35. Progressive is defending United Telecom in the Underlying Litigation pursuant to a Reservations of Rights.

## THE PROGRESSIVE UNITED TELECOM POLICY

36. At the time of the Accident, United Telecom was insured by the Progressive Policy with a policy period of August 24, 2021 through August 24, 2022 and having combined single liability limits of $1,000,000.00. See **Exhibit B**.

37. Pursuant to Part I of the United Telecom Policy, it provides liability coverage for bodily injury or property damage that an "insured" becomes legally responsible to pay because of an accident arising from the use of an "insured auto."

38. Part I.A. of the Progressive Policy defines an "insured" as the Named Insured (United Telecom) with respect to an "insured auto" and others including, subject to certain exceptions, any person using an "insured auto" that United Telecom owns, hires, or borrows if that use was with the permission of United Telecom and within the scope of that permission.

39. The GENERAL DEFINITIONS Section and Part I.B.3 of the United Telecom Policy defines an "insured auto" as including any auto specifically described in the policy's declarations page, a replacement auto, or a "temporary substitute auto."

40. The GENERAL DEFINITIONS Section of the United Telecom Policy defines a "temporary substitute auto" as an auto used with the owner's permission as temporary substitute for an "insured auto" that has been withdrawn from normal use due to breakdown or repairs.

41. At the time of the Accident, the 2017 Nissan Rogue was not scheduled (i.e. specifically described) on the declarations page of the United Telecom Policy. See **Exhibit B.**

42. At the time of the Accident, the 2017 Nissan Rogue was not used by United Telecom as a replacement auto or "temporary substitute auto."

43. At the time of the Accident, Sebastian Medina was not one of the sixteen (16) drivers listed on the United Telecom Progressive Policy. See **Exhibit B.**

44. The 2017 Nissan Rogue operated by Sebastian Medina at the time of the Accident is not an "insured auto" under the GENERAL DEFINITIONS Section and Part I.B.3 of the United Telecom Policy because it was not scheduled on the declarations page to the United Telecom Policy, was not a replacement auto, and was not a temporary substitute for one of United Telecom's insured autos that had been withdrawn from normal use due to breakdown or repairs.

45. Sebastian medina does not qualify as an "insured" under the United Telecom Policy because he was not using an "insured auto" with the permission of United Telecom at the time of the Accident.

46. United Telecom does not qualify as an "insured" under the United Telecom Policy because the Accident did not involve an "insured auto" as defined by the United Telecom Policy.

47. No defendant herein named qualifies as an "insured" under the United Telecom Policy because the Accident did not involve an "insured auto" as defined by the United Telecom Policy.

48. Any alleged liability for the Accident is therefore not covered under the United Telecom Policy because the 2017 Nissan Rogue was not an "insured auto" and none of the Defendants are "insureds."

**FOR A FIRST CAUSE OF ACTION**
**(Declaratory Judgment on United Telecom Policy)**

49. Progressive restates the foregoing allegations of this Complaint and incorporates the same herein by reference.

50. The 2017 Nissan Rogue involved in the accident has never been listed as a scheduled auto under the United Telecom policy.

51. At the time of the Accident, the 2017 Nissan Rogue was not a replacement auto under the United Telecom Policy.

52. At the time of the Accident, the 2017 Nissan Rogue was not a "temporary substitute auto" under the United Telecom Policy.

53. At the time of the Accident, the 2017 Nissan Rogue did not qualify as an "insured auto" under the Progressive Policy.

54. At the time of the Accident, the Defendants named herein this Complaint, including but not limited to United Telecom and Sebastian Medina, did not qualify as an "insured" under the United Telecom Policy.

55. Based upon the foregoing, at the time the Accident there was no coverage under the United Telecom Policy in favor of United Telecom, Sebastian Medina, or any of the other Defendants named herein this Complaint.

56. Progressive submits that no duty exists under its policy issued to United Telecom to defend or indemnify United Telecom or any other party for the claims alleged against them as a result of the Accident because, among other things, the 2017 Nissan Rogue was not a scheduled auto, and the 2017 Nissan Rogue does not otherwise qualify as an "insured auto" under the Progressive Policy.

57. Based on the clear and unambiguous language of the United Telecom Policy, Progressive submits a judiciable controversy exists as to whether a duty

exists to defend and indemnify United Telecom or any other party for any of the claims asserted and damages suffered as a result of the Accident. Progressive asserts it is not responsible for and does not owe defense or indemnity for any claims arising from the Accident.

**WHEREFORE,** Progressive respectfully requests that this Court:

a.  Enter judgment that the Progressive United Telecom Policy does not provide coverage for any claims arising from the Accident;

b.  Enter judgment that Progressive is not obligated to defend any party to this action;

c.  Enter judgment that Progressive is not obligated to indemnify any party to this action;

d.  Enter Judgment settling and affording relief from uncertainty and insecurity with respect to Progressive's rights, status, and other legal relations in this matter; and

e.  Award Progressive any other relief to which it may be entitled.

This 5th day of January, 2024.

> MOSELEY MARCINAK LAW GROUP, LLP
>
> */s/ Blair J. Cash*
> Blair J. Cash, Esq.
> Georgia Bar No.: 360457

blair.cash@momarlaw.com
Anna K. Beaton, Esq.
Georgia Bar No. 421320
anna.beaton@momarlaw.com
*Attorneys for Plaintiff Progressive Mountain Insurance Company*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
(470) 480-7258
(470) 480-7259 (fax)